## Mary M. Wilderman, Plaintiff in Error, v. Fhlisity Villiger et al., Defendants in Error.

1. MORTGAGES—*payment to original payee of secured note without notice of assignment as discharge pro tanto.* The assignment by indorsement of a promissory note secured by mortgage carries with it the mortgage in equity and if the mortgagor, without actual or constructive notice of such assignment, pays the original payee, such payment will discharge the mortgage *pro tanto* and on foreclosure such payment may be set up in bar to that extent; but such payments will be no bar to a recovery of the full amount of the note in an action at law brought on the note.

2. FORECLOSURE OF MORTGAGES—*admissibility of evidence of payment under denial of amount due.* In a suit to foreclose a mortgage an allegation in the answer denying that the sum stated in the mortgage remained due and unpaid to complainant will authorize proof of payment of all or any portion of such sum, either to complainant or her agent.

3. FORECLOSURE OF MORTGAGES—*sufficiency of evidence of payment to agent to defeat deficiency judgment.* In a suit to foreclose a mortgage given by defendants to a trustee and by him sold, with the note it secured, and delivered to complainant's father under whom complainant claimed as devisee, where payment of the interest and part of the principal to such trustee was pleaded and proven, and it was shown that such trustee loaned money for complainant's father for a number of years until his death; that the money loaned to defendants was the proceeds from notes collected by such trustee and representing money which he had loaned for complainant's father without consulting with him; that the trus-

tee's firm had entire charge of such loans, complainant's father often knowing nothing about them until they were made; and that the interest on this particular loan was always remitted by such trustee to complainant's father, the chancellor was justified in finding that such trustee was the agent of complainant and her father and, therefore, payment to him was in law payment to complainant or her father and a decree for the unpaid balance only was all complainant was entitled to receive from defendants, there remaining due no portion of the principal which could be included by way of a deficiency judgment.

Error by plaintiff to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

ALBERT B. OGLE, for plaintiff in error.

TURNER, HOLDER & BULLINGTON, for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error filed her bill to the January Term, 1923, of the Circuit Court of St. Clair county to foreclose a mortgage given by Fhlisity Villiger and Adolph W. Villiger, who will hereinafter be referred to as defendants in error, to Henry T. Renshaw, trustee, to secure a note for $2,300.00 dated June 28, 1916. The bill alleged that on the 16th day of November, 1916, said Henry T. Renshaw, trustee, sold said note and delivered the same with said mortgage to Vincent G. Johnson, father of plaintiff in error, who died on June 12, 1920, leaving plaintiff in error as his only heir at law and sole devisee, and that on the 27th day of February, 1921, said Henry T. Renshaw, trustee, executed and delivered to plaintiff in error an assignment of said mortgage, which assignment was filed for record on the 27th day of September, 1921. Defendants in error filed an answer to this bill admitting the execution of the note and mortgage and containing the following allegation: "Defendants further an-

swering deny that the said sum of $2,300.00 with interest thereon from the 28th day of December, 1921, remains due and unpaid to the complainant, but avers the facts to be that these defendants prior to September 27, 1921, had paid all the interest, as the same became payable to the said Renshaw, trustee, and had paid the sum of $1,200.00 on account of the principal of said note and mortgage and all the time when such payments were made they were under the belief that Henry T. Renshaw was the real owner of said note and mortgage, and he had the same in his possession and control; that they had no notice that the complainant, or any one else claimed to own, or have any interest in said note and mortgage, or either of them until the failure of the Renshaw Bros., including said Henry T. Renshaw, trustee on or about the 12th day of August, 1922.'' To this answer a replication was filed and the matter referred to the Master in Chancery to report the proof together with his findings of fact and conclusions of law.

The master found, and it conclusively appears from the evidence, that the interest on this note was paid to June 28, 1922, and that the same was received from Renshaw by plaintiff in error or her father; that commencing with January 3, 1917, defendants in error made partial payments on the principal of said note to said Renshaw and also paid the interest every six months, which payments of principal and interest were copied by Renshaw in a pass book held by defendants in error. Up to June 28, 1919, defendants in error had paid to Renshaw on account of principal of said note the sum of $850.00 and on that date executed a new mortgage to Renshaw for the balance amounting to $1,450.00 which was duly acknowledged and recorded; that up to June 28, 1922, they had paid an additional sum of $343.00 on the principal indebtedness and all interest to that date, leaving a balance of $1,107.00, principal then unpaid, at which time they executed a new promissory note and mortgage to

Renshaw as trustee for the sum of $1,100.00 which was also filed for record; that on July 26, 1922, the defendants in error made a further payment of $5.00 on the principal to Renshaw; that the $2,300.00 note and mortgage executed on June 28, 1916, was never surrendered to the defendants in error but remained in the possession of plaintiff in error's father until his death and after that time in her possession; that the two renewal notes and mortgages were never delivered to plaintiff in error or her father, but were found among the effects of J. W. Renshaw's Sons by their trustee in bankruptcy, who on February 12, 1923, cancelled and delivered them to plaintiff in error; that plaintiff in error or her father received interest on the full amount of $2,300.00 from Renshaw up to December 28, 1921; that defendants in error had up to July 26, 1922, paid to Renshaw on the principal indebtedness $1,198 leaving a balance due on principal of $1,102.00, and that on the balance there was interest due at that date, to wit, September 14, 1923, in the sum of $80.08 making a balance due of $1,182.08. The master further found that plaintiff in error authorized said Henry T. Renshaw, trustee, to collect said note both principal and interest for her as her agent, and that he was also the agent for the same purpose of her father; that defendants in error were entitled to credit for all sums so paid by them to Renshaw, and plaintiff in error was entitled to have the mortgage dated June 28, 1916, foreclosed for the said sum of $1,182.08 together with costs of suit. Objections were filed to this report but overruled. These objections stood as exceptions in the court and were overruled. The court entered a decree according to the findings of the master and this appeal resulted.

While the assignment by indorsement of a promissory note secured by mortgage carries with it the mortgage, yet this is true only in equity, and if a mortgage is so assigned and the mortgagor without actual or constructive notice of such assignment pays the

original payee who has thus parted with the mortgage, such payment will discharge the mortgage *pro tanto,* and in a suit to foreclose such payment may be set up in bar of a decree for its foreclosure to that extent, but such payments will not be any bar to a recovery of the full amount of the note in an action at law brought on the note, since in such action the maker is bound to ascertain the holder of the note when payments are made. (*Towner v. McClelland,* 110 Ill. 542; *Napieralski et al. v. Simon,* 198 Ill. 384; *Olds v. Cummings et al.,* 31 Ill. 188.) This principle of law is recognized and admitted by the parties to this suit. It is conclusively shown that the defendants in error had no notice or knowledge of the assignment of this mortgage by Renshaw to plaintiff in error or her father until the written assignment was filed for record September 27, 1921. It also appears that defendants in error made these payments to Renshaw in good faith. Plaintiff in error contends that even though the lien of the mortgage has been discharged *pro tanto* by the payments made by defendants in error to Renshaw before that date, yet they are entitled to a deficiency judgment on the note for the payments made by defendants in error before the recording of the assignment. Defendant in error on the other hand contends that Renshaw in accepting these payments was acting as the agent of plaintiff in error's father. In answer to this plaintiff in error claims that evidence of the agency of Renshaw for plaintiff in error's father was not admissible under the allegations in the answer filed, and if such evidence was admissible it does not show that Renshaw was such agent for the purpose of accepting payments of the principal indebtedness, even though the evidence does show that he was the agent for plaintiff in error's father in collecting loans when due and in reloaning the money collected. The answer contains an allegation specifically denying that the sum of $2,300.00 with interest remained due and unpaid to plaintiff in error. Under this allega-

tion proof of payment to plaintiff in error or her father of $2,300.00 or any portion thereof would clearly be admissible. Payment to an agent is as much payment to the principal as though made to the principal direct, so that evidence of payments to plaintiff in error or her father or to their agent would be admissible under this allegation. It is true as contended by plaintiff in error that authority to an agent to receive payment of a debt is not of itself authority to do so before the debt falls due, but the evidence in this case shows, from the year 1902 until the death of plaintiff in error's father on June 12, 1920, Henry T. Renshaw's firm loaned money for plaintiff in error's father and that the money originally loaned to defendants in error in this case was the proceeds derived from two notes collected by Renshaw and representing money which he had, without consultation with plaintiff in error's father, loaned for him. The evidence shows that during this period of time loans were made by Renshaw's firm for plaintiff in error's father, and that firm had entire charge of such loans and that plaintiff in error's father often knew nothing about such loans until they were made and knew nothing about the property upon which they were made. The interest on this particular loan was always remitted by Renshaw to plaintiff in error's father. Under this evidence we believe the chancellor was justified in finding that Renshaw was the agent of plaintiff in error and her father, and that, therefore, payment to Renshaw was in law payment to plaintiff in error or her father, and that the evidence of such payments was properly admitted. This being true the decree for foreclosure covered the whole amount plaintiff in error was entitled to receive from defendant in error and there remained no portion of the principal which could be included in the decree by way of a deficiency judgment.

The decree is therefore affirmed.

*Affirmed.*